UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04043-TWP-TAB |
| | ) | |
| MILLER Sgt., | ) | |
| CRAIG CANIFF, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The Plaintiff, Lance Howard ("Howard"), is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because Howard is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Howard brings this action pursuant to 42 U.S.C. § 1983 against defendants Sgt. Miller and Craig Caniff. He alleges that he is legally blind, and the defendants refuse to provide him his prescription eye glasses so that he can see. Further, he alleges that Craig Caniff falsified records to make it appear as if he received his eye glasses, but then told Howard he will not be given them. Howard seeks injunctive relief and monetary damages, asserting that the foregoing violated his Eighth Amendment rights. The Court agrees that Howard's allegations are sufficient to state Eighth Amendment claims against the defendants.

## II.

Given the foregoing, the following claims **shall proceed**:

- Eighth Amendment claims against defendants Sgt. Miller and Craig Caniff.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sgt. Miller and Craig Caniff in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 1/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE HOWARD
250494
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362


Sgt. Miller
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Craig Caniff
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362